United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO LEON OREA,<br>   Plaintiff,<br>  v.<br>NIELSEN AUDIO, INC.,<br>   Defendant. | Case No. 14-cv-04235-JCS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 27 |

## I. INTRODUCTION

Alfredo Leon Orea ("Plaintiff") filed a class action complaint against Nielsen Audio, Inc. ("Defendant") for calling him with requests to complete a TV and radio rating survey. Plaintiff claims that this call was a prohibited "telephone solicitation" under the Telephone Consumer Protection Act ("TCPA"). Defendant has moved to dismiss the case under Fed. R. Civ. P. 12(b)(6). The Court held a hearing on Defendant's Motion to Dismiss ("Motion") on April 24, 2015. For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

### A. Facts Alleged

Plaintiff alleges that Defendant is in the business of "surveying consumers in order to supply companies with data on what consumers watch and buy." FAC. at 4. According to Plaintiff, between April 12 and April 16, 2014, he received multiple phone calls on his residential phone from Defendant, asking him to participate in a "TV and radio rating survey." *Id*. at 4. On April 12 and April 15, Defendant allegedly left "scripted messages" on Plaintiff's voicemail, "instructing Plaintiff to return the call and partake in Defendant's survey." *Id*. Plaintiff asserts that he is registered on the "'do not call' list" and that he did not provide Defendant his residential number, enter into a business relationship with Defendant, or give Defendant permission to call him. *Id*.

1 The FAC also alleges that Defendant placed the calls using an "automatic telephone dialing
2 system" and for "marketing purposes" rather than any emergency purpose. *Id*.
3 Plaintiff raises two claims under the TCPA: (1) negligent violations of the TCPA and (2)
4 knowing and/or willful violations of the TCPA. *Id.* 7–8. Specifically, he alleges that Defendant's
5 phone calls violated 47 U.S.C. § 227(b)(1)(A). *Id*. at 4. As for relief, Plaintiff prays for damages
6 and injunctive relief. *Id*. at 8–9.

### B. Motion

Defendant argues that phone calls requesting participation in market research surveys are not "telephone solicitations" and thus not prohibited. Mot. at 2. Their argument is based on an FCC order and congressional house report stating that under the TCPA and its regulations, calls conducting surveys or market research are not telephone solicitations precluded by the do-not-call ("DNC") registry regulations. Mot. at 4.

### C. Opposition

Plaintiff argues that Defendant's calls are telephone solicitations because Defendant called Plaintiff "to purchase his labor and information," which, Plaintiff argues, satisfies the definition of a telephone solicitation under the TCPA. Opp'n at 10. Plaintiff also contends that under Ninth Circuit case law, a call that purports to conduct a market research survey can still be a telephone solicitation. Opp'n at 8 (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012)). Finally, Plaintiff claims that Defendant's position is not grounded in binding court authority but rather relies on a "narrow and self-serving reading of cherry-picked language from the TCPA statute and the 2003 FCC Order." Opp'n at 2.

### D. Reply

Defendant responds that while a call purporting to conduct a market research survey can still be a telephone solicitation when the purpose of the call is in part to encourage a purchase, Plaintiff has not pled any facts to support that Defendant's call encouraging Plaintiff to complete a survey also intended to encourage a purchase. Reply at 1. Thus, the FAC has not alleged a prohibited "dual purpose" call. Reply at 5. Defendant also points out that the FAC does not allege an offer to compensate Plaintiff for filling out the survey, as Plaintiff suggests in his Opposition,

2

1  and that even if it did, an offer to compensate Plaintiff is not an effort to sell something to Plaintiff
2  and thus is not a telephone solicitation. Reply at 4. Finally, Defendant distinguishes the case law
3  cited by Plaintiff and argues that the FCC's interpretation of "telephone solicitation" is entitled to
4  the Court's deference. Reply at 7–8.

## III.  LEGAL STANDARD

Failure to state a claim upon which relief may be granted is a basis for dismissal. Fed. R. Civ. P. 12(b)(6). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a Rule 12(b)(6) motion, the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible on its face when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## IV.  ANALYSIS

It is a violation of the TCPA and its regulations to transmit a telephone solicitation to a phone number listed in the DNC registry. 47 U.S.C. § 227(c)(3)(F); 47 C.F.R. § 64.1200(c). Plaintiff alleges that Defendant called his residential telephone number, which is registered on the "'do not call' list." FAC at 4. Thus Defendant's liability hinges on whether the calls were "telephone solicitations."[1] We look first to the plain language of the TCPA, then to the legislative

---

[1] In the FAC, Plaintiff asserts a violation under § 227(b)(1)(A) of the TCPA. FAC at 4. However, § 227(b)(1)(A) only prohibits calls using automatic telephone dialing system to emergency lines, hospitals, health care facilities, elderly homes, and phone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service or other radio common carrier service, or a service for which the recipient is charged for the call. § 227(b)(1)(A). Plaintiff has not stated a claim under § 227(b)(1)(A) because he alleges that he was called on his "residential telephone number" and does not allege that he was charged for the call. FAC at 4. In his Opposition, Plaintiff does not raise § 227(b)(1)(A) again, but rather acknowledges that the issue is whether the calls are telephone solicitations. Opp'n at 6.

history to determine whether there is a clear indication of congressional intent, and then to the FCC interpretation of the statute if the statute is silent or ambiguous on the issue. *See Coronado-Durazo v. I.N.S.*, 123 F.3d 1322, 1324 (9th Cir. 1997).

### A. As Alleged, Defendant's Calls Do Not Encourage a Purchase, Rental, or Investment as Required by the Plain Language of the TCPA.

Under the TCPA, a telephone solicitation is:
> the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization.

47 U.S.C. § 227(a)(4).

Defendant's calls are not telephone solicitations under the plain language of the TCPA because as alleged, they do not intend to encourage a purchase, rental, or investment in any goods, services, or property. *See generally* FAC. As alleged, they only ask Plaintiff to participate in a TV and radio rating survey: "Defendant placed multiple calls to Plaintiff's residential telephone number, in order to get Plaintiff to take part in a TV and radio rating survey." FAC at 4.

#### 1. The Intent to Encourage a Purchase Refers to a Purchase by the Consumer, Not the Caller.

Plaintiff argues that the calls are telephone solicitations because Defendants called with the intent of buying something from Plaintiff: "Defendant called Plaintiff in order to purchase his labor and information." Opp'n at 10. Plaintiff does not actually allege any offers by Defendant to compensate him. *See generally* FAC. However, even if he did, Plaintiff's claim would fail. The only sensible reading of the statute is that the "purchase" of "property," "goods," or "services" that is intended by the call is the purchase by the consumer, not by the caller. Any other reading would include absurd results by sweeping into a consumer protection statute prohibitions against a range of ordinary social interactions.

Other courts have interpreted telephone solicitations to mean calls encouraging a purchase by the consumer or listener, rather than by the caller. In *Friedman v. Torchmark Corporation*, the court held that a message with an invitation to attend a recruiting webinar to learn about

4

1  defendant's products to potentially sell to others was not a telephone solicitation. No. 12-CV-
2  2837-IEG BGS, 2013 WL 4102201, at *6 (S.D. Cal. Aug. 13, 2013). The court reasoned that the
3  call was not aimed at "encouraging *Plaintiff* to engage in future commercial transactions with
4  Defendant to purchase its goods," but at giving plaintiff the equivalent of "an offer of
5  employment"–an offer to purchase plaintiff's labor–which the court concluded was not a
6  telephone solicitation. *Id.* (emphasis added). Similarly in *Murphy v. DCI Biologicals Orlando,*
7  *LLC*, the court held that messages asking plaintiff to give blood in exchange for cash were not
8  telephone solicitations because they did not encourage the recipient to make a purchase, but
9  instead were attempts to make a purchase from the recipient. No. 6:12-CV-1459-ORL, 2013 WL
10 6865772, at *10 (M.D. Fla. Dec. 31, 2013) ("Because neither of the messages in this case
11 encouraged Murphy to purchase, rent, or invest in anything, they do not constitute 'telephone
12 solicitations'…On the contrary, one message asked Murphy to sell his blood").

13     Here, Plaintiff argues that by asking him to complete a survey, Defendant's calls attempted
14 to purchase Plaintiff's "labor and information" and thus encouraged a purchase, satisfying the
15 definition of a telephone solicitation. Opp'n at 10. However, telephone solicitations are calls
16 intending to encourage a purchase by the listener, not the caller. Calls asking to purchase the
17 listener's labor, blood, or other service are not telephone solicitations. *See Friedman*, No. 12-CV-
18 2837-IEG BGS, 2013 WL 4102201, at *6; *Murphy*, No. 6:12-CV-1459-ORL, 2013 WL 6865772,
19 at *10. A call attempting to purchase the listener's "labor and information" is equivalent to a call
20 giving an offer of employment or an opportunity to earn money, and is therefore not a telephone
21 solicitation.

### 2. As Alleged, Defendant's Calls Are Not Indirect Encouragements.

23     Nor do the calls intend to indirectly encourage Plaintiff to purchase a product or service. A
24 call that encourages future purchasing activity may be a telephone solicitation, even if the sales
25 pitch is not explicitly contained in the call itself. *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d
26 913 (9th Cir. 2012); *Margulis v. P & M Consulting, Inc.*, 121 S.W.3d 246 (Mo. Ct. App. 2003). In
27 *Chesbro*, the plaintiff received phone calls from Best Buy reminding him that his reward points
28 were going to expire if he did not redeem them by a certain date, directing him to a website to

print his reward certificates, and thanking him for shopping at Best Buy. *Chesbro*, 705 F.3d at 916. The Ninth Circuit found that Best Buy's calls constituted prohibited telemarketing under the DNC regulations. *Id*. The court reasoned that redeeming the reward points required the consumer to purchase Best Buy's goods and thus "encouraged recipients to engage in future purchasing activity." *Id*. The court held that "neither the statute nor the regulations require an explicit mention of a good, product, or service where the implication is clear from the context." *Id*.

In *Margulis*, P & M Consulting called purporting to conduct a quick survey to determine plaintiff's eligibility for a free vacation. *Margulis*, 121 S.W.3d at 248. The Missouri Court of Appeals determined that P & M's call was a telephone solicitation. *Id*. at 251. The court held that even though P & M characterized its call as a "survey," the purpose of the call was to convey information about commercially available services, since the call was only "one step removed from the actual sales pitch." *Id*.

Here, nothing in the FAC suggests an indirect encouragement of a purchase. There is no allegation that Nielsen encouraged Plaintiff to purchase its customers' products or services during the call. Likewise, there is no indication that Plaintiff's survey responses will be used by Nielsen or its customers to make a future sale to Plaintiff.

### B. The Legislative History is Equally Clear that Calls Conducting Market Research Surveys Must Encourage a Purchase, Rental, or Investment in Order to Constitute a Telephone Solicitation.

The legislative history on the issue is consistent with the plain language of 47 U.S.C. § 227(a)(4) (defining "telephone solicitation"). Congress specifically stated that calls conducting market research surveys are not telephone solicitations, unless they intend to encourage a purchase, rental, or investment in goods, services, or property:  "the Committee does not intend the term 'telephone solicitation' to include…consumer or market surveys, or other survey research conducted by telephone. A call encouraging a purchase, rental or investment would fall within the definition, however, even though the caller purports to taking a poll or conducting a survey." H.R. Rep. No. 102-317 at 13 ("House Report").

Here, Plaintiff has alleged nothing more than a market research survey. *See generally* FAC. There are no allegations indicating that Defendant's calls also encouraged a purchase, rental, or

investment. Therefore, as pure market survey calls, Defendant's calls are not telephone solicitations.

### C. The FCC Has Interpreted Market Research Surveys Not to Be Telephone Solicitations Absent Evidence of Pretext.

In a 2003 order, the FCC stated that calls conducting surveys and market research are not considered telephone solicitations unless they serve as a pretext to a telephone solicitation or otherwise prohibited advertisement. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14040 ¶ 37 (F.C.C. July 3, 2013) ("2003 FCC Order") ("We also note that calls that do not fall within the definition of 'telephone solicitation'…will not be precluded by the national do-no-call list. These may include surveys, market research, political or religious speech calls," citing H.R. Rep. No. 102-317 at 13).

The FCC's interpretation is entitled to administrative agency deference. Under *Chevron*, the Court engages in a two-step analysis to determine whether to apply deference: (1) is the TCPA silent or ambiguous on the issue in question, and (2) is the FCC's interpretation reasonable. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009) (holding that the 2003 FCC Order is entitled to *Chevron* deference on the issue of whether a text message is a "call" under the TCPA).

Here, the Court has found that the TCPA is clear that Defendant's calls, as alleged in the FAC, are not telephone solicitations. But even if the TCPA were ambiguous on this issue, the FCC's interpretation is reasonable and thus entitled to the Court's deference. An agency's interpretation of a statute is reasonable unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Satterfield*, 569 F.3d at 954. Here, there is nothing arbitrary, capricious, or statutorily inconsistent about the FCC's interpretation. In fact, the FCC's interpretation practically mirrors the House Report's paragraph excluding market surveys from telephone solicitations absent evidence of a prohibited solicitation. *See* House Report. Accordingly, the FCC's interpretation is reasonable and entitled to deference. Under the FCC's interpretation, Defendant's calls are not telephone solicitations for the same reason that they are not telephone solicitations under the plain language and legislative history of the TCPA: nothing indicates they intended to encourage any

purchase, rental, or investment in any goods, services, or property.

## V. CONCLUSION

Thus, Defendant's Motion to Dismiss is GRANTED. At oral argument, Plaintiff's counsel admitted that under the Court's interpretation of the statute, Plaintiff could not state a claim. Therefore, the FAC is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:  April 24, 2015

JOSEPH C. SPERO  
Chief Magistrate Judge